UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:24 cr 531 TPB-SPF

DANIEL MAURICE WEATHERLY

18 U.S.C. § 1466A(b)(1) and (d)(4)
(Possession of an Obscene
Visual Depiction of a Minor
Engaging in Sexually Explicit
Conduct)

**INFORMATION**

DEC 10 2024 PM2:54
FILED - USDC - FLMD - TPA

The United States Attorney charges:

**COUNT ONE**
**(Possession of an Obscene Visual Depiction of a Minor**
**Engaging in Sexually Explicit Conduct)**

From on or about June 23, 2023, through and including on or about February 22, 2024, in the Middle District of Florida, and elsewhere, the defendant,

DANIEL MAURICE WEATHERLY,

did knowingly possess a visual depiction of any kind, including cartoons, computer-generated and AI-generated images, that depict minors engaging in sexually explicit conduct and that are obscene, and which were produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, namely an Apple iPhone, when the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 1466A(b)(1) and (d)(4), and punishable under 18 U.S.C. §2252A(b)(2).

## FORFEITURE

1.      The allegations contained in Count One is incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2.      Upon conviction of a violation of 18 U.S.C. § 2252(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a.      Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, the following: iPhone 12 Pro Max (IMEI: 354506126867298).

4.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be

subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

ROGER B. HANDBERG
United States Attorney

By:     _____

        Erin Claire Favorit
        Assistant United States Attorney

By:     _____

        Michael C. Sinacore
        Assistant United States Attorney
        Chief, Special Prosecutions

3