UNITED STATES OF AMERICA    :

v.                        :        Case No. 8:24-CR-00531-TPB-SPF

DANIEL WEATHERLY       :

## SENTENCING MEMORANDUM

Defendant, DANIEL WEATHERLY, respectfully submits this Sentencing Memorandum for this Honorable Court's consideration. Mr. Weatherly objects to the proposed distribution enhancement set forth in paragraph 23 of the presentence report. Further, defendant respectfully propose that punishment can be accomplished with community supervision possibly including home detention. Such a sentence would be sufficient but not greater than necessary and satisfy the purposes of sentencing.

### SENTENCING GUIDELINES

Mr. Weatherly respectfully objects to the two-level increase United States Probation has assessed him for knowingly engaging in distribution other than distribution described in subdivisions (A) through (E) of USSG §2G2.2(b)(3). Probation cites that this enhancement is applicable as the AI generated material created through Starryai is transmitted via the Internet to their servers to be stored indefinitely. Mr. Weatherly never "knowingly" distributed pornographic images to

anyone. The fact that these images were automatically transmitted via the Internet and stored on the Starryai server is a function of how the program operates and is not an intentional distribution. This automation process by the Starryai program does not fulfill the criteria under the guidelines of "knowingly" engaging in distribution. Mr. Weatherly never took affirmative steps to distribute these images to anyone. Therefore, he would submit that this enhancement would not apply.

**Downward Variance/ Departure**

PERSONAL HISTORY AND MITIGATING FACTORS

1.    Extraordinary Family Responsibilities (U.S.S.G. § 5H1.6) – Mr. Weatherly is solely responsible for the care of his elderly, ailing father. His father is unable to live independently and requires daily assistance. A term of incarceration would deprive him of his only caregiver, creating severe hardship. Given the absence of alternative caretakers, this case presents the type of exceptional family circumstances that warrant a downward departure.

2.    Lack of Criminal History – Mr. Weatherly has no prior criminal record and has led an otherwise law-abiding life. His conduct in this case is an aberration rather than a pattern of behavior.

3.    Military Service and Sacrifice – Mr. Weatherly honorably served in the United States Marine Corps for seven years. His service and commendation awards demonstrates a commitment to his country and society.

4. Severe Health Conditions – Mr. Weatherly suffers from multiple serious medical issues, including seizure disorders, migraines, hypertension, hyperlipidemia, lumbar spondylosis, degeneration of intervertebral disc, mood disorder, PTSD, generalized anxiety disorder, depression and Dysthymia. His conditions require ongoing medical care and medication, which would be challenging to adequately manage in a Bureau of Prisons (BOP) facility.

5. History of Childhood Trauma and Abuse – Mr. Weatherly endured a difficult childhood marked by his parents' divorce and the physical and emotional abuse from his bipolar sister. Such trauma has had lasting psychological effects that contributed to his struggles with mental health. He continues to attend bi-weekly mental health treatment counseling appointments.

LEGAL BASIS FOR A DOWNWARD DEPARTURE

6. Family ties and responsibilities are typically not a basis for departure unless they are "extraordinary." In this case, Mr. Weatherly's father is entirely dependent on him for everyday tasks, and no reasonable alternative exists for his care. The loss of his support would create an extreme hardship, justifying a downward departure.

7. Several circuits around the country have affirmed departures for family ties and responsibilities: the Sixth Circuit affirmed departure to a one day sentence

where the defendant was "irreplaceable" to her family. *U.S. v. Husein*, 478 F.3d 318 (6th Cir. 2007); the Ninth Circuit affirmed a six level departure, where the defendant was the sole caretaker of a sick wife who had renal cancer and was in danger of committing suicide if she lost her husband. *U.S. v. Leon*, 341 F.3d 928 (9th Cir. 2003); the Third Circuit held that a departure was not precluded for a defendant who lived with her elderly parents, who were physically and financially dependent on her. *U.S. v. Dominguez*, 296 F.3d 192 (3d Cir. 2002)

LEGAL BASIS FOR DOWNWARD VARIANCE

8. The Court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. Several factors support a downward variance in this case:

- Nature and Circumstances of the Offense – Mr. Weatherly did not physically harm or exploit any actual minors. The images in question were AI-generated, which, while still unlawful, distinguishes this case from offenses involving direct harm to children.

- History and Characteristics of the Defendant – Mr. Weatherly's military service, medical issues, absence of a criminal record and role as a caregiver weigh strongly in favor of leniency.

- Need for Just Punishment and Rehabilitation – Given his background and lack of prior offenses, a period of incarceration is not necessary to achieve deterrence. Instead, a sentence emphasizing treatment, mental health care, and supervised release would better serve

the goals of rehabilitation. Mr. Weatherly immediately cooperated with authorities upon his arrest and notified them of his intention to plead guilty. Additionally, he has been under the supervision of United States Pretrial Services without any violations.

- The character reference letters set forth in exhibits A through G.

Under *Gall v. U.S.*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), the Supreme Court indicated that "compelling family circumstances" would justify a downward variance from the guidelines. The Seventh Circuit held that a District Court is *required* to consider a defendant's family circumstances, and to provide an adequate analysis of how much weight, if any, it should command. *U.S. v. Thi,* 692 F.3d 571 (7th Cir. 2012). The 10th Circuit affirmed a downward variance where the defendant was the primary caretaker and sole supporter of his eight-year-old son and the sole support of his ailing parents. *U.S. v. Munoz-Nava,* 524 F.3d 1137 (10th Cir. 2008)

PROPOSED SENTENCE

Mr. Weatherly respectfully requests that the Court impose a non-custodial or significantly reduced sentence, such as: A term of probation or home confinement that would allow him to continue caring for his father while receiving mental health treatment. Mr. Weatherly is not a danger to the community and if he received a non-custodial sentence, he could continue caring for his father and attending his mental health counseling and address his multiple physical conditions at the VA hospital.

Mr. Weatherly's case is atypical compared to other individuals charged under the same statute. He is truly remorseful for his actions and hopes that the Court will consider all of his personal history characteristics when fashioning an appropriate sentence.

Respectfully Submitted,

*s/ Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BRUNVAND & WISE
LAW GROUP

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Bjorn E. Brunvand*
BJORN E. BRUNVAND, ESQ.
BRUNVAND & WISE
LAW GROUP
Attorney for the Defendant
615 Turner Street
Clearwater, FL 33756
Telephone:  727-446-7505
Facsimile:  727-446-8147
E-Mail: bjorn@acquitter.com
Florida Bar # 0831077